UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CCT ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-cv-00394-SLC |
| | ) |
| DMG MORI USA, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff CCT Enterprises, LLC ("CCT"), originally filed its complaint in this matter on December 4, 2015 in the Allen County Circuit Court, Cause No. 02C01-1512-PL-000556. (DE 6). On December 21, 2015, Defendant DMG Mori USA, Inc. ("DMG"), filed a notice of removal, removing the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (DE 1). Now before the Court is CCT's motion to remand (DE 5), which contends that DMG's notice of removal was procedurally defective and this Court lacks subject matter jurisdiction over the case because DMG failed to satisfy the amount in controversy requirement for diversity jurisdiction.[1]

In order for a case to meet the requirements for diversity jurisdiction under § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "As the party seeking to invoke federal diversity jurisdiction, [DMG] bears the burden of demonstrating that the . . . amount in controversy requirements are met." *Chase v. Shop 'N Save*

---

[1] While CCT also argues in its motion to remand that DMG failed to advise the Court of the citizenship of each member of CCT as a limited liability company, this insufficiency is satisfied by DE 11-1.

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). DMG fails to meet this burden.

"The starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value in [its] request for relief." *Id.* "When the complaint includes a number, it controls unless recovering that amount would be legally impossible." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citations omitted); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," so long as certain exceptions—a demand for nonmonetary relief; a demand for a money judgment that is not a specific sum; or where the Court finds that the amount in controversy exceeds the requirement by a preponderance of the evidence—do not apply.).

Here, CCT's complaint alleges that DMG was obligated to pay CCT $235,600.00 under a settlement agreement, but DMG only paid CCT $175,000.00 and had refused to tender the additional $60,000.00 due and owing under the settlement agreement. (DE 6 ¶¶ 23-24). Thus, CCT's complaint does include a number, $60,000.00, which controls for purposes of the amount in controversy requirement. *See Rising-Moore*, 435 F.3d at 815; *Chase*, 110 F.3d at 427; 28 U.S.C. § 1446(c)(2).

While DMG argues in its response brief that CCT's letter to DMG dated December 3, 2015 (the day before CCT filed its complaint), stated that CCT "expect[ed] to be paid for [the chip conveyors] as well" as the defective machines, adding an additional $18,720.00 to the amount in controversy (DE 11 at 2), CCT's complaint makes no mention of the chip conveyors or

their value.  CCT's complaint references only DMG's obligation under the settlement agreement to pay for three specific defective machines, with the balance remaining for the settlement as to these machines specified as $60,000.00.  (*See* DE 6 ¶¶ 9-24).  While CCT's complaint does state that it "has suffered damages as a result of DMG's breach, including, but not limited to, direct, consequential, and reliance damages," the complaint does not elaborate further regarding these damages, nor does it provide any numerical amount for these damages.  (DE 6 ¶ 26).

DMG's notice of removal claims that "the amount in controversy in this action exceeds $200,000, as shown by e-mail correspondence from Ben Nagel, President and CEO of CCT," which DMG attached as exhibits to the notice (DE 1 ¶ 3).  In those exhibits attached to DMG's notice of removal, there is an email from Ben Nagel stating CCT's expectation to be paid for the chip conveyors (DE 1-1 at 13) as well as CCT's purchase order for the chip conveyors, totaling $18,720.00 (DE 1-1 at 15).  While DMG argues in its response brief that the amount in controversy is "at least $79,320" (DE 11 at 1), this number is a far cry from the "exceeds $200,000" number DMG alleged in its notice of removal (DE 1 at 1).  DMG does not explain what direct, consequential, or reliance damages CCT will attempt to recover in this action, nor does DMG provide a numerical amount for these damages.

DMG's only argument is that the $18,720.00 for the chip conveyor machines must be included as part of the amount in controversy for CCT's lawsuit.  The Court is unpersuaded by this argument that CCT's possible claim for damages related to the chip conveyor machines should be included as part of the damages for the instant case, given that CCT's complaint does not mention or allege anything regarding the chip conveyor machines.  Instead, CCT's complaint alleges a claim based only on the breach of a settlement agreement pertaining to three other

3

machines. In Indiana, the measure of damages in a breach of contract case is the loss actually suffered as a result of the breach. *Shepard v. State Auto. Mut. Ins. Co.*, 463 F.3d 742, 745 (7th Cir. 2006) (citations omitted). Here, the amount suffered as a result of the breach of the settlement agreement appears to be the amount alleged in CCT's complaint—$60,000. DMG has not provided damage amounts for anything other than the chip conveyor machines, and the Court will not read a claim that was not mentioned in CCT's complaint into CCT's damages.[2]

The $60,000 alleged in CCT's complaint is less than the required amount in controversy for federal diversity jurisdiction.[3] If CCT does later amend its pleading to add a claim for the chip conveyor machines, which causes the amount in controversy to satisfy § 1332's $75,000 requirement, DMG could then seek to remove the case to federal court. 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

---

[2] As noted by CCT, "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citing *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).

[3] The Court notes that CCT's math in its complaint appears to be slightly off, as the difference between $235,600 and $175,000 is $60,600, not $60,000 as alleged in the complaint. (DE 6 ¶ 24). CCT uses the $60,600 amount in its motion to remand and reply in support of its motion. (DE 5 ¶¶ 22-23, 31-32; DE 13 at 2-3). This minor difference does not affect the outcome of this motion to remand.

Because DMG has not met its burden to show that the amount in controversy here exceeds the $75,000 required for diversity jurisdiction, CCT's motion to remand (DE 5) is GRANTED. This cause is hereby REMANDED to the Allen County Circuit Court of Allen County, Indiana, on the grounds that this Court lacks jurisdiction to hear it. The Clerk is directed to close the case.

SO ORDERED.

Entered this 8th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge